United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY J. RUFFIN | § | |
| (TDCJ #00442259) | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. H-19-1872 |
| | § | |
| v. | § | |
| | § | |
| BOBBY LUMPKIN,[1] | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Timothy J. Ruffin, seeks habeas corpus relief under 28 U.S.C. § 2241 and 2254, challenging his time-credit calculation and the revocation of his release to mandatory supervision.[2]  (Docket Entry No. 1).  The respondent, Bobby Lumpkin, moves for summary judgment on the grounds that the petition is barred by the one-year statute of limitations and, alternatively, that Ruffin's asserted claims are unexhausted.  (Docket Entry No. 15).  Ruffin has not responded to the motion.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment.  The reasons are explained below.

---

[1] The previously named respondent in this action was Lorie Davis.  In August 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice – Correctional Institutions Division.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

[2] Ruffin filed a handwritten letter motion to "vacate void sentence."  (Docket Entry No. 1).  Because the motion challenges a time-credit calculation and the revocation of his release to mandatory supervision, it is properly treated as a writ of habeas corpus.  28 U.S.C. §§ 2241, 2254.

## I.      Background and Claims

In 1987, Ruffin was convicted of aggravated sexual assault with a deadly weapon.  Cause Number 84,539, 331st Judicial District Court, Travis County, Texas; Docket Entry No. 15-2, at 3–4.  He was sentenced to a 35-year prison term.  (*Id.* at 3).  In 1991, he was convicted of aggravated assault, Cause Number 8815, 278th Judicial District Court, Madison County, Texas, and was sentenced to a five-year prison term, to run consecutively to the 35-year sentence.  (*Id.* at 3–4).

Ruffin was released to mandatory supervision on October 26, 2009.  (*Id.* at 5).  At that time, his discharge date on the 40-year aggregate sentence was calculated as April 13, 2026.  (*Id.*).  The Parole Division issued a prerevocation arrest warrant on January 8, 2015, and Ruffin's mandatory supervision was revoked on February 24, 2015.  (*Id.* at 8).  Ruffin did not file a state habeas application challenging this decision.  *See TAMES Search*, Tex. Jud. Branch, http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca%20&%20s=c (last visited Nov. 23, 2020).

On May 17, 2019, this court received Ruffin's federal habeas petition.  Ruffin does not challenge his convictions, but rather the calculation of his sentence and discharge date and the revocation of his release to mandatory supervision.  Ruffin argues that he discharged his five year-sentence for aggravated assault on October 26, 2009, and, that instead of being released to mandatory supervision, he should be "discharged from further confinement."  (Docket Entry No. 1, at 2).

The respondent has moved for summary judgment.

## II.      The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In

ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)  ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citation omitted).  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Ruffin is representing himself.  Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988).  The court broadly interprets Ruffin's federal habeas petition. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 sets a one-year limitations period for a federal habeas petitioner. *See* 28 U.S.C. § 2244(d).  The statute provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Ruffin's challenge to the calculation of his sentence and discharge date and the revocation of his release to mandatory supervision was filed too late. The critical date is not when Ruffin's conviction became final, but instead the date when Ruffin discovered the factual predicate of his claims. 28 U.S.C. § 2244(d)(1)(D). Ruffin's mandatory supervision was revoked on February 24, 2015. The one-year limitations period began running on that date.[3] The limitations period ended on February 24, 2016. Ruffin waited until April 2019 before filing his federal petition.[4] The petition is over three years late. This court cannot review the merits of Ruffin's claims unless a statutory or equitable exception applies.

---

[3] It is not clear whether Ruffin is challenging only a time-credit calculation related to his five-year sentence for aggravated assault—which Ruffin asserts was discharged on October 26, 2009—or whether he is also challenging the revocation of his release to mandatory supervision, which occurred on February 24, 2015. In an abundance of caution, the court construes the petition as also challenging the revocation of his release on mandatory supervision and considers the February 24, 2015, date as the beginning of the running of the statute of limitations (as opposed to October 26, 2009, the date Ruffin claims as when his five-year sentence was discharged).

[4] A federal habeas petition is "deemed filed when the petition is handed over to prison authorities for mailing." *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). Ruffin's petition does not indicate the date it was delivered to the prison authorities for mailing. It is dated "April 2019." (*See* Docket Entry No. 1, at 4–5).

Although a properly filed application for state postconviction relief or other collateral review extends the limitations period, Ruffin did not file any state habeas applications regarding his current claims. 28 U.S.C. § 2244(d)(2); *see TAMES Search*, Tex. Jud. Branch, http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca%20&%20s=c (last visited Nov. 18, 2020). He is therefore not entitled to statutory tolling under § 2244(d)(2).

No other AEDPA provision applies to extend the limitations period. Ruffin does not allege facts showing that any official action kept him from filing a timely federal habeas petition. His claims do not rely on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

Ruffin also fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Ruffin or prevented him from filing within the deadline. Nor does the record support a conclusion that Ruffin was diligent in pursuing his rights. Ruffin let more than three years pass between the date his mandatory supervision was revoked and when he first sought to file a federal habeas petition. He did not file a state habeas application challenging the time-credit calculation or the revocation of his release to mandatory supervision. The record discloses no other basis to extend the limitations period. Given Ruffin's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. *See* 28 U.S.C. § 2244(d).

The respondent also argues that Ruffin's claims are unexhausted. The record reveals that Ruffin did not present his claims to the Texas Court of Criminal Appeals. *See TAMES Search*, Tex. Jud. Branch, http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca%20&%20s=c (last visited Nov. 23, 2020). Ruffin's claims were unexhausted as well untimely. *See* 28 U.S.C. § 2254(b); *Sones v. Hargett*, 61 F.3d 410, 414–15 (5th Cir. 1995) (a petitioner must exhaust all available state court remedies by fairly presenting the substance of his claims to the state courts before he may obtain federal habeas relief) (citations omitted).

## IV.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted. Ruffin's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice. Any remaining motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases require a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The record reveals that jurists of reason would not debate the procedural rulings in this case or whether Ruffin stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on December 4, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge